| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeffrey S. Shinbrot, Esq. (SBN 155486)<br>jeffrey@shinbrotfirm.com<br>JEFFREY S. SHINBROT, APLC<br>15260 Ventura Blvd., Suite 1200<br>Sherman Oaks, CA  91403<br>Telephone:  (310)  659-5444<br>Fax:  (310)  878-8304<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>TRX Holdco, LLC, Delaware limited liability company<br><br>FITNESS ANYWHERE LLC, a Delaware limited liability company, dba TRX and TRX Training<br><br>Debtor(s). | CASE NO.: 8:22-bk-10948-SC<br>CHAPTER: 7<br>ADVERSARY NO.: |
|---|---|
| RICHARD A. MARSHACK, Chapter 7 Trustee<br><br><br>Versus                                                Plaintiff(s)<br><br>DIRBOS, INC., a Nevada corporation<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____   **Address:**
> **Time:** _____
> **Courtroom:** _____
> ☐ 255 East Temple Street, Los Angeles, CA 90012
> ☐ 3420 Twelfth Street, Riverside, CA 92501
> ☐ 411 West Fourth Street, Santa Ana, CA 92701
> ☐ 1415 State Street, Santa Barbara, CA 93101
> ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                                          Page 1                                        F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 2    **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

_____

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____        _____
*Date*         *Printed Name*                                               *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*         Page 3         F 7004-1.SUMMONS.ADV.PROC

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Richard A. Marshack, Chapter 7 Trustee | **DEFENDANTS**<br>DIRBOS, INC., a Nevada corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Jeffrey S. Shinbrot, Esquire; JEFFREY S. SHINBROT APLC<br>15260 Ventura Blvd., Suite 1200, Sherman Oaks, CA 91403<br>310-659-5444; jeffrey@shinbrotfirm.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

1. Avoid and Recover Preferential Transfers  2. Preservation of Avoided Interests

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☑ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 295,568.75 |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>TRX HOLDCO, LLC ||| BANKRUPTCY CASE NO.<br>8:22-bk-10948-SC |
| DISTRICT IN WHICH CASE IS PENDING<br>Central || DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Scott C. Clarkson |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>8-20-2024 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeffrey S. Shinbrot, Esquire |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

JEFFREY S. SHINBROT, ESQ. (SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403
Telephone: (310) 659-5444
Fax: (310) 878-8304
Counsel for Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>TRX HOLDCO, LLC, a Delaware limited liability company,<br><br>Debtor | Lead Case Number: 8:22-bk-10948-SC<br><br>Jointly administered with:<br>8:22-bk-10949-SC<br><br>Chapter 7 |
| In re:<br><br>FITNESS ANYWHERE LLC, a Delaware limited liability company, dba TRX and TRX Training,<br><br>Debtor | Adversary Case Number:<br><br>COMPLAINT FOR:<br><br>1. AVOID AND RECOVER PREFERENTIAL TRANSFERS<br><br>2. PRESERVATION OF AVOIDED INTERESTS |
| ☒ Affects both Debtors<br>☐ Affects TRX Holdco, LLC only<br>☐ Affects Fitness Anywhere, LLC only | |
| RICHARD A. MARSHACK, Chapter 7 Trustee<br><br>Plaintiffs,<br>v.<br>DIRBOS, INC., a Nevada corporation<br><br>Defendants | |

1

Richard A. Marshack, Chapter 7 trustee for the bankruptcy estates ("Estates") of TRX HOLDCO, LLC and FITNESS ANYWHERE, LLC, complains as follows:

## JURISDICTION

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (F), and (O). This adversary proceeding is brought pursuant to 11 U.S.C. §§ 542, 547, 550 and 551 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2.      This adversary proceeding arises in and under and relates to the Chapter 7 bankruptcy case entitled FITNESS ANYWHERE LLC, a Delaware limited liability company, dba TRX and TRX Training, bankruptcy case number 8:22-bk-10949-SC, which is pending before the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

3.      Plaintiff consents to entry of a final judgment.  If and to the extent that the Court determines that it lacks jurisdiction or authority to enter a final judgment, Plaintiff requests that the Court submit findings of fact and conclusions of law for consideration by the District Court. Regardless of whether this is a core proceeding, consent is hereby given for the entry of final orders and judgments by the Bankruptcy Court.

4.      Pursuant to 28 U.S.C. § 1409, venue is proper in the Central District of California because Debtor's Chapter 7 Bankruptcy case is pending in this district and division.

## PARTIES

5.      Plaintiff Richard A. Marshack is the duly appointed and acting Chapter 7 trustee ("Trustee" or "Plaintiff") of the bankruptcy estates of TRX HOLDCO, LLC and FITNESS ANYWHERE LLC.

6.      Plaintiff is informed and believes, and based thereon alleges, that Debtor is a Delaware limited liability company doing business in the State of California.

7.      Plaintiff is informed and believes that Defendant DIRBOS, INC., is a Nevada corporation.

<u>FACTUAL ALLEGATIONS</u>

8. On April 8, 2022 ("Petition Date"), FITNESS ANYWHERE LLC ("Debtor"), filed a voluntary petition under chapter 11 of the United States Bankruptcy Code.

9. On June 8, 2022, the Bankruptcy Court entered its Order that the Debtor's bankruptcy case would be jointly administered under lead case number 8:22-bk-10948 SC, In re TRX Holdco, LLC.

10. On August 30, 2023, the Court entered an order converting Debtor's case to Chapter 7.

11. Plaintiff Richard A. Marshack, is the duly appointed chapter 7 trustee of the Debtor's Estate.

12. Pre-petition, Fitness Anywhere was a functional fitness company with a flagship product, Suspension Trainer™.

13. After filing its Chapter 11 petition, Debtor and TRX Holdco, LLC, sold substantially all of their assets, including equipment and furniture, memberships, executory contracts, deposits, accounts receivable (estimated at $5.1 million), books and records, licenses, leases, inventory (estimated at $17.8 million), intellectual property and goodwill, insurance benefits, litigation claims, and customer lists and contacts for $8,400,000. The $8,400,000 was paid to secured creditor Woodforest National Bank except for certain carve outs authorized in the August 25, 2022 Sale Order, including administrative expenses. Notes receivable, cash on hand, and certain corporate records were excluded from the sale.

14. During the pre-petition preference period beginning on March 10, 2022 through the petition date of June 8, 2022 ("Preference Period"), transfers totaling $295,568.75 were made from Debtor to Defendant ("Transfers").

15. Plaintiff has conducted reasonable due diligence given the circumstances of the case and has taken into account known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c).

16. At the time of each and all of the Transfers referenced herein the Debtor was insolvent and indebted to at least one creditor.

## FIRST CLAIM FOR RELIEF

[To Avoid and Recover Preferential Transfers - 11 U.S.C. § 547]

17. Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 16 above.

18. The Transfers were of interest in property of the Debtor to or for the benefit of Defendant, who were creditors of the Debtor at the time of the Transfers.

19. The Transfers were made for or on account of an antecedent debt allegedly owed by the Debtor.

20. The Debtor was presumptively and actually insolvent at the time of the Transfers.

21. The Transfers occurred within the 90 days preceding the Petition Date.

22. By virtue of the Transfers, Defendant received more than it would have received if the Debtor's Estate had been liquidated under Chapter 7 of the Bankruptcy Code, the Transfers had not occurred and Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

23. The Trustee may recover, for the benefit of the Estate, the property transferred, or, if the court so orders, the value of such property, from—

    (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

    (b) any immediate or mediate transferee of such initial transferee.

24. The Transfers constitute avoidable preferences pursuant to § 547 of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF

[For Preservation of Avoided Interests 11 U.S.C. § 551]

25. Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 24 above.

26. Pursuant to 11 U.S.C. §§ 547 and 550, the Transfers are avoidable.

27. Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to judgment preserving the

Transfers for the benefit of the Estate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

A. For judgment in favor of the Plaintiff avoiding the Transfers;

B. For judgment in favor of Plaintiff preserving the avoided Transfers for the benefit of the Debtor's bankruptcy Estate;

C. For judgment in favor of Plaintiff for attorney's fees and costs; and

Other relief as the Bankruptcy Court deems appropriate.

Dated: August 21, 2024                THE SHINBROT FIRM


                                      By:  /s/Jeffrey S. Shinbrot
                                      JEFFREY S. SHINBROT
                                      Attorneys for Chapter 7 Trustee,
                                      Richard A. Marshack

5